UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────

NAJI SANDERS,

                    Plaintiff,

          v.                                            9:19-CV-1314
                                                        (BKS/TWD)

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                    Defendants.

─────────────────────────────────

APPEARANCES:

NAJI SANDERS
18-A-0885
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953


BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

## I.      INTRODUCTION

Plaintiff Naji Sanders commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to

proceed in forma pauperis.  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By Decision

and Order filed on December 12, 2019, the Court granted plaintiff's IFP Application, but

following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b), found that it was subject to dismissal for failure to state a claim upon which relief

may be granted. Dkt. No. 5 ("December 2019 Order"). In light of his pro se status, plaintiff

was afforded an opportunity to submit an amended complaint. *Id.*

Presently before the Court is plaintiff's amended complaint. Dkt. No. 6 ("Am.

Compl.").

## II.    DISCUSSION

### A.    The Complaint and December 2019 Order

In his original complaint, plaintiff asserted allegations of wrongdoing based on events

that occurred on September 25, 2019, while he was in the custody of the New York State

Department of Corrections and Community Supervision ("DOCCS") at Upstate Correctional

Facility. *See generally* Compl. More specifically, plaintiff alleged that two unidentified

corrections officials subjected him to excessive force outside of his cell before and after

removing handcuffs from his wrists. *Id*. Plaintiff named DOCCS, Upstate Correctional

Facility, and "Upstate Correctional Facility's Officials" as defendants. *Id.* at 1.

The complaint was construed to assert an Eighth Amendment excessive force claim

against the named defendants. *See* December 2019 Order at 5.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28

U.S.C. § 1915A(b), plaintiff's claims against DOCCS and Upstate Correctional Facility were

dismissed with prejudice as barred by the Eleventh Amendment, and his claim against

"Upstate Correctional Facility's Officials" was dismissed without prejudice for failure to state a

claim upon which relief may be granted. *See* December 2019 Order at 6-9.

### B.    Summary of the Amended Complaint

The allegations in plaintiff's amended complaint are materially similar to the

allegations in the original complaint, except that plaintiff now names Corrections Officer John

Doe #1 and Corrections Officer John Doe #2 as defendants in place of the defendants named in the original complaint. *Compare* Compl. *with* Am. Compl.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C.    Analysis

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the December 2019 Order and it will not be restated in this Decision and Order. *See* December 2019 Order at 2-4.

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)).  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter,* 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*,

3

429 U.S. 97, 104 (1976).  This includes punishments that "involve the unnecessary and wanton infliction of pain."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency."  *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).[1]

"To determine whether a defendant acted maliciously, several factors should be examined including, 'the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.'"  *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993)).

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment claims against John Doe #1 and John Doe #2 survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a

---

[1]  In this regard, while "a *de minimis* use of force will rarely suffice to state a constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993), the malicious use of force to cause harm constitutes an Eighth Amendment violation per se because in such an instance "contemporary standards of decency are always violated."  *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9).  The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

properly filed dispositive motion.

## III.    SERVICE ON "DOE" DEFENDANTS

Based on the above, the only defendants that remain in this action are "Doe"

defendants, who are incapable of being served.  As a result, and pursuant to *Valentin v.*

*Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the New York State

Attorney General's Office attempt to ascertain the names of these defendants, described in

the amended complaint as the two corrections officials from Upstate Correctional Facility who

escorted plaintiff to cell 19 from the 10 Building holding pen at approximately 5:40 p.m. on

September 25, 2019.  *See* Am. Compl. at 2-3.[2]  The New York State Attorney General's

Office is also requested, to the extent that it is able to identify these defendants, to provide

the address(es) where they can currently be served.  The New York State Attorney General's

Office need not undertake to defend or indemnify these individuals at this juncture.  This

order merely provides a means by which plaintiff may name and properly serve these

defendants as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the

information specified above, to the extent that it can, regarding the names of defendants

John Doe #1 and John Doe #2 within thirty (30) days of the filing date of this Decision and

Order.  Once this information is provided, the Clerk shall return this file to the Court for

further review.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

---

[2]  In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se
incarcerated litigants with their inquiry into the identities of unknown defendants.

**ORDERED** that the amended complaint is accepted for filing and will supersede and replace the previously filed complaint; and it is further

**ORDERED** that the Clerk shall update the docket to add the following parties as defendants: (1) Corrections Officer John Doe #1; and (2) Corrections Officer John Doe #2; and it is further

**ORDERED** that plaintiff's Eighth Amendment excessive force claims against Corrections Officer John Doe #1 and Corrections Officer John Doe #2 **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED** that the Clerk shall terminate DOCCS and Upstate Correctional Facility as defendants; and it is further

**ORDERED** that the Clerk shall send a copy of this Decision and Order to the New York State Attorney General's Office; and it is further

**ORDERED** that, to the extent possible, the New York State Attorney General's Office produce the information specified above regarding the identities of John Doe #1 and John Doe #2 **within thirty (30) days** of the filing date of this Decision and Order. Upon receipt of a response from the New York State Attorney General's Office, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral

6

argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: February 18, 2020
      Syracuse, NY


_____
Brenda K. Sannes
U.S. District Judge